IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-15-0526 |
| MALCOLM XAVIER GREEN, | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

Defendant Malcolm Xavier Green ("Defendant" or "Green") has been charged with one count of Bank Robbery Conspiracy, in violation of 18 U.S.C. § 371 (Count I); two counts of Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (f) (Counts II & III); one count of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), (d), and (f) (Count IV); and one count of Using, Carrying and Brandishing a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count V). Indictment, ECF No. 1. Currently pending before this Court is Defendant's Motion to Dismiss Count Five of the Indictment, the alleged violation of 18 U.S.C. § 924(c) (ECF No. 32). Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). Additionally, via a letter dated January 12, 2016, the parties have requested that this Court decide the pending motion on the papers. *See* Joint Letter, ECF No. 34. For the reasons that follow, Defendant's Motion to Dismiss Count Five of the Indictment (ECF No. 32) is DENIED.

## ANALYSIS

The alleged "crime[s] of violence" underlying the Section 924(c) charge (Count V) are Armed Bank Robbery (Count IV) and Bank Robbery Conspiracy (Count I).  Indictment, p. 8, ECF No. 1.  Defendant contends that neither Bank Robbery Conspiracy nor Armed Bank Robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) (the "Force Clause") or 18 U.S.C. § 924(c)(3)(B) (the "Residual Clause").  Def's Mot. to Dismiss, p. 1-2, ECF No. 32.  Because Bank Robbery can be accomplished by "intimidation," he argues, it does not necessarily include the 1) "intentional threat" and 2) "violent physical force" essential to a crime of violence under the Force Clause.  *Id.* at 1-2.  Additionally, Defendant claims that neither Bank Robbery Conspiracy nor Armed Bank Robbery qualifies as a crime of violence under the Residual Clause because the Residual Clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Id.* at 2.  This Court recently addressed these arguments in *United States v. Hayes*, No. RDB-14-0577 (D. Md. Dec. 21, 2015).  For the reasons stated in that opinion, and reiterated herein, Armed Bank Robbery in violation of 18 U.S.C. § 2113(a), (d), and (f) (Count IV) qualifies as a crime of violence under 18 U.S.C. § 924(c).[1]  Consequently, Defendant's Motion to Dismiss Count Five (ECF No. 32) is DENIED.

---

[1] Having concluded that Armed Bank Robbery (Count IV) constitutes a crime of violence, this Court does not need to decide whether or not Bank Robbery Conspiracy (Count I) qualifies as a crime of violence. Count Five of the Indictment survives with respect to Armed Bank Robbery (Count IV).  In *United States v. Edmondson*, No. PWG-13-15, 2015 WL 9582736, at *5-6 (D. Md. Dec. 29, 2015), Judge Paul W. Grimm of this Court held that Hobbs Act Conspiracy does not qualify as a crime of violence under Section 924(c). However, that opinion specifically distinguished Hobbs Act Conspiracy from the general conspiracy statute, 18 U.S.C. § 371, charged in this case.  *Edmondson*, 2015 WL 9582736 at *2.  "[U]nlike the general conspiracy statute, 18 U.S.C. § 371—where the essential elements include a requirement that the conspirators 'do any act to effect the object of the conspiracy'—the statutory definition of Hobbs Act Conspiracy does not expressly require as an element the commission of an overt act."  *Id.*

**I.      Armed Bank Robbery in violation of 18 U.S.C. § 2113(a), (d), and (f) (Count IV) is a crime of violence under 18 U.S.C. § 924(c)(3)(A) (the "Force Clause")**

18 U.S.C. § 924(c) applies only to "crime[s] of violence."  Section 924(c)(3)(A) (the "Force Clause") defines a "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . ." 18 U.S.C. § 924(c)(3)(A).  Armed Bank Robbery is "by force and violence, or by intimidation, tak[ing], or attempt[ing] to take, from the person or presence of another property or money or any other thing of value . . . by the use of a dangerous weapon or device."  18 U.S.C. § 2113(a), (d).

The United States Court of Appeals for the Fourth Circuit concluded in *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991) that "[a]rmed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *Adkins*, 937 F.2d at 950, n.2. Defendant argues that *Adkins* is invalid in light of the Fourth Circuit's decision in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), but the Fourth Circuit in *Torres-Miguel* did not purport to overrule *Adkins*.  In fact, where two Fourth Circuit cases conflict, the earlier opinion controls. *See, e.g., United States v. Cobler*, 748 F.3d 570, 577 (4th Cir. 2014) (citing *McMellon v. United States*, 387 F.3d 329, 334 (4th Cir. 2004) (en banc)).  Defendant objects that Armed Bank Robbery does not require *violent*, physical force because it can be accomplished through "intimidation." *See* Def.'s Mot. to Dismiss, p. 5, ECF No. 32. Therefore, he claims, it does not satisfy the elements of "crime of violence" under the Force Clause. *Id.*  However, adopting Defendant's theory would mean that carjacking under 18 U.S.C. § 2119, which can be accomplished through intimidation, would not qualify as a

crime of violence, but the Fourth Circuit has held that "the carjacking statute is a crime of violence." *United States v. Johnson*, 32 F.3d 82, 85 (4th Cir. 1994); *see also United States v. Evans*, No. 5:15-CR-57-H, 2015 WL 6673182, at *8 (E.D.N.C. Oct. 20, 2015) ("18 U.S.C. § 2119(2) is a crime of violence under the force clause set forth in 18 U.S.C. § 924(c)(3)(A) because it has as an element the 'use, attempted use, or threatened use of physical force.' ").

In *United States v. Strong*, No. 3:15-cr-00187-MOC-DCK, 2015 WL 6394237, at *2-4 (W.D.N.C. Oct. 21, 2015) the United States District Court for the Western District of North Carolina considered the same argument raised by Defendant in this case. *Strong*, 2015 WL 6394237, at *2-4. In *Strong*, the defendant was charged with Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and sought to dismiss a Section 924(c) charge against him on the grounds that Armed Bank Robbery was not a crime of violence. *Id.* Like this Court, the court in *Strong* concluded that the Fourth Circuit's decision in *Adkins* clearly provides precedent. *Id.* at *2. Additionally, following *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), the court concluded that a "modified categorical approach" applied because the Armed Bank Robbery statute " 'set[] out one or more elements of the offense in the alternative," allowing the court to examine "certain documents, including the Indictment, to determine which statutory alternative was implicated by the offense of conviction." *Id.* (quoting *Descamps*, 133 S. Ct. at 2281). The *Strong* court went on to examine the indictment in that case which, like the indictment in this case, charged the defendant with "by force, violence and intimidation, tak[ing]" a sum of money from the bank. *Id.* at *3; Indictment, p. 7, ECF No. 1. The court concluded that the defendant had clearly been charged "with armed bank robbery, making it *opaque* which of the divisible elements of Section 2113(a) the

government intend[ed] to prove." *Id.* at \*3. The court denied Defendant's Motion to Dismiss the Section 924(c) charge against him.

In light of the Fourth Circuit's unequivocal statement in *Adkins* that Armed Bank Robbery is a crime of violence and this Court's previous rejection of Defendant's position, Defendant's Force Clause argument fails. Armed Bank Robbery is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Accordingly, Defendant's Motion to Dismiss Count Five, the Alleged Violation of 18 U.S.C. § 924(c), (ECF No. 32) is DENIED.

## II. 18 U.S.C. § 924(c)(3)(B) (the "Residual Clause") is not unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Even if this Court accepted Defendant's argument with respect to the Force Clause, Defendant's Motion would still be denied because Section 924(c)(3)(B) (the "Residual Clause") is not unconstitutionally vague. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. Up to that point, courts analyzing an offense under the ACCA had imagined the kind of conduct that the crime involved in the "ordinary case," and then assessed whether that abstraction presented a serious risk of injury. *Id.* The Supreme Court found that basing the ACCA analysis on an imagined "ordinary case" as opposed to "real-world facts or statutory elements" was a flawed model that created "grave uncertainty." *Id.* Consequently, the Court concluded that it violated "the Constitution's guarantee of due process." *Id.* at 2563. Given that Section 924(c)(3)(B) also involves an "ordinary case" analysis, Defendant argues that it too is unconstitutional in light of the Supreme Court's decision in *Johnson*. However, the fact

that both sections involve an ordinary case analysis does not compel the application of the *Johnson* case to Section 924(c)(3)(B). On the contrary, courts are often required to compare a defendant's conduct to other cases. *See, e.g.*, 18 U.S.C. § 3553(a)(6)[2]. Furthermore, there are several important differences between Section 924(c)(3)(B) and the ACCA's residual clause that suggest *Johnson* should not be automatically extended to Section 924(c)(3)(B).

The Section 924(c) Residual Clause defines "crime of violence" as "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In contrast, the Armed Career Criminal Act's residual clause defines "violent felony" as a crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). That list of enumerated crimes preceding the word "otherwise" had consistently troubled the Supreme Court prior to the *Johnson* decision. *See, e.g., James v. United States*, 550 U.S. 192, 215-16 n.7 (2007) (Scalia, J., dissenting). Confusion over how to use them explicitly motivated the Court's decision to strike down the ACCA's residual clause. *See Johnson*, 135 S. Ct. at 2558 (attributing the residual clause's vagueness in part to its structure, which "forces courts to interpret 'serious potential risk' in light of the four enumerated crimes.") Additionally, the ACCA's residual clause had proven repeatedly difficult for the Supreme Court to construe, and this observation motivated its decision to

---

[2] 18 U.S.C. § 3553(a)(6) provides, in relevant part, that a sentencing court should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . ."

invalidate the clause. *See Johnson*, 135 S. Ct. at 2559 (noting that *Johnson* was the Supreme Court's "fifth [case] about the meaning of the [ACCA] residual clause").

In contrast to the ACCA's residual clause, the Supreme Court has not commented that Section 924(c)(3)(B) has been difficult to interpret, nor does the case law suggest that Courts have had significant trouble applying it. Furthermore, Section 924(c)(3)(B), unlike the ACCA's residual clause, closely resembles a number of federal and state statutes in its structure. *See, e.g.*, 18 U.S.C. § 16(b), 18 U.S.C. § 3142(f)(1)(A) and (g)(1) (bail statute); 18 U.S.C. § 521(d)(3)(C) (enhanced sentence for criminal gang members). Thus, extending *Johnson* to Section 924(c)(3)(B) would be a dramatic step, paving the way for courts to invalidate a number of other similarly constructed federal and state laws.

Defendant cites the United States Court of Appeals for the Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) and the United States Court of Appeals for the Seventh Circuit in *United States v. Vivas-Ceja*, No. 15-1770, 2015 WL 9301373, at *4 (7th Cir. Dec. 22, 2015), both holding that 18 U.S.C. § 16(b), a statute with the same wording as Section 924(c)(3)(B), is unconstitutionally vague. However, those cases are readily distinguishable from the present case. Neither of them discuss Section 924(c)(3)(B), but rather involve 18 U.S.C. § 16(b), an unrelated provision, as incorporated into the Immigration and Nationality Act. In fact, the Ninth Circuit decided *Dimaya* on review of a determination of the Board of Immigration Appeals. *Dimaya*, 803 F.3d at 1111. Furthermore, while the Seventh Circuit in *Vivas-Ceja* concluded that Section 16(b) and the ACCA's residual clause were "materially" indistinguishable, the Court acknowledged differences between the two statutes. *Vivas-Ceja*, 808 F.3d at 722 ("§ 16(b) substitutes the

phrase 'by its nature' for the residual clause's 'otherwise involves conduct' . . . § 16(b) substitutes 'substantial risk' for the residual clause's 'serious potential risk.' ").

The United States Court of Appeals for the Fourth Circuit in *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015) explicitly declined to decide whether or not *Johnson* invalidated Section 924(c)(3)(B).   In *Fuertes*, the Fourth Circuit considered whether sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a), qualified as a "crime of violence" under Section 924(c)(3)(A), the Force Clause.   *See Fuertes*, 805 F.3d at 498.   Citing the Supreme Court's decision in *Descamps*, the Court found that sex trafficking did not qualify as a "crime of violence" because its definition used "a single, indivisible set of elements that allow[ed] for both violent and nonviolent means of commission."   *Id.*   The Court likewise concluded that sex trafficking did not qualify as a "crime of violence" under Section 924(c)(3)(B), the Residual Clause, because it lacked a "substantial risk that the defendant will use physical force against the victim in completing the crime."   *Id.* at 500 (citing *Leocal v. Ashcroft*, 534 U.S. 1, 10-11 (2004)).   The Court in *Fuertes* acknowledged that *Johnson* declared the ACCA's residual clause unconstitutionally vague, but that the Supreme Court has had no occasion to review Section 924(c)'s Residual Clause.   *Id.* at 499, n. 5.   The Court observed that the two clauses are "similarly worded *but not identically so.*"   *Id.* (emphasis added).   The Court found it "unnecessary . . . to explore whether the Supreme Court's invalidation of the former provision applies as well to the latter provision."   *Id.*

Since the Fourth Circuit's decision in *Fuertes*, several United States District Courts have likewise declined to invalidate Section 924(c)(3)(B) under *Johnson*.   *See United States v. Walker*, No. 3:15cr49, 2016 WL 153088, at *9 (E.D. Va. Jan. 12, 2016) (declining to extend

*Johnson* to Section 924(c)(3)(B)); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084, at *2 (E. D. Va. Oct. 22, 2015) ("The Court cannot find on the record before it or on the law of this Circuit that the Supreme Court in *Johnson* intend to invalidate the residual clause of § 924(c).  The residual clause of the ACCA had faced significantly more confusion in the lower courts, was a much broader clause than § 924(c), and required courts to analyze conduct outside of that conduct required for the charged offense."); *United States v. Willie Moore*, No. 3:03-cr-169, 2016 WL 126921, at *2 (S. D. Oh. Jan. 12, 2016) ("Nothing in *Johnson* implies that § 924(c) is unconstitutional").  Furthermore, this Court has previously held in *United States v. Hayes*, No. RDB-14-0577 (D. Md. Dec. 21, 2015) that "the residual clause in Section 924(c)(3)(B) is not unconstitutionally vague."

In light of the many differences between the residual clause in Section 924(c)(3)(B) and the Armed Career Criminal Act's residual clause, and in accordance with the Fourth Circuit's decision in *Fuertes*, this Court's decision in *Hayes*, and the other United States District Court decisions, *supra*, declining to invalidate Section 924(c)(3)(B) under *Johnson*, the residual clause in Section 924(c)(3)(B) is not unconstitutionally vague.

## **CONCLUSION**

Accordingly, IT IS this 21st day of January, 2016, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Defendant's Motion to Dismiss Count Five of the Indictment (ECF No. 32) is DENIED; and

2. The Clerk of the Court transmit copies of this Order to counsel for the parties.


Dated:          January 21, 2016                    ____/s/_____

                                                    Richard D. Bennett
                                                    United States District Judge