FILED
IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
FOR THE DISTRICT OF MARYLAND
2019 OCT -3 PM 3:16
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

| | | |
|---|---|---|
| MALCOLM XAVIER GREEN, | * | |
| Petitioner, | * | Civil Action No. RDB-18-2116 |
| v. | * | Criminal Action No. RDB-15-0526 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On February 11, 2016, *pro se* Petitioner Malcolm Green ("Petitioner" or "Green") pled guilty to one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; two counts of bank robbery in violation of 18 U.S.C. § 2113(a), (f); one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) and (f); and one count of brandishing a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) after executing a string of robberies between June 1, 2015 and July 24, 2015. (Plea Agreement, ECF No. 44.) On May 31, 2016 this Court sentenced Green to a term of one hundred and fifty-four (154) months imprisonment and three (3) years of supervised release. (Judgment, ECF No. 64.) On April 5, 2017, the U.S. Court of Appeals for the Fourth Circuit affirmed this sentence. *United States v. Green*, 684 F. App'x 300 (4th Cir. 2017).

On July 11, 2018, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 124) which is now pending before this Court. The Government opposes the Motion. This Court has reviewed the parties' submissions and no

1

hearing is necessary. For the reasons stated below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 124) is DENIED.

## BACKGROUND

The facts of this case are set forth in the Petitioner's plea agreement. (Plea Agreement Attach. A, ECF No. 44.) In June 2015, Malcolm Green and Andre Walker ("Walker") entered into a conspiracy to rob banks in Maryland and Virginia. (*Id.*) Between July 1, 2015 and July 24, 2015, Green and Walker engaged in four bank robberies. (*Id.*) One such robbery occurred on July 17, 2015. (*Id.*) Green initiated the robbery by approaching the bank teller and passing a note that stated, "Give me $15,000. Don't push any buttons, don't tell anybody, I'll come back shooting." (*Id.*) When the teller hesitated, Walker brandished a firearm. (*Id.*) The teller then provided $5,364.00 in cash, and Green and Walker made their escape. (*Id.*) Subsequently, investigators identified Green through a fingerprint analysis of prints on the note. (*Id.*) On August 3, 2015, Green and Walker were arrested. (*Id.*)

The Grand Jury indicted Green and Walker for one count of Conspiracy to Commit bank robbery (Count One), two counts of bank robbery (Counts Two and Three), one count of armed bank robbery (Count Four), and one count of using, carrying, and brandishing a firearm in relation to a crime of violence (Count Five). (Indictment, ECF No. 1.) In January 2016, Walker and Green moved to dismiss Count Five, the § 924(c) charge, arguing that neither armed bank robbery nor bank robbery conspiracy constitute "crimes of violence" which could support a conviction under Count Five. (ECF Nos. 32, 36.) In a Memorandum Order issued that month, this Court denied the Defendants' Motions, holding that armed bank robbery was a crime of violence under § 924(c). (ECF No. 38.)

2

Green pled guilty to all Counts charged in the Indictment pursuant to a plea agreement. (Plea Agreement, ECF No. 44.) On May 31, 2016, this Court sentenced Green to 154 months imprisonment and three years of supervised release. (Judgment, ECF No. 64.) Petitioner was also ordered to pay restitution of $10,593.00. *Id.*

On May 31, 2016, Green and Walker appealed their sentences to the United States Court of Appeals for the Fourth Circuit. (Notice of Appeal, ECF No. 66.) In their appeal, Green and Walker challenged the § 924(c) conviction, once again arguing that armed bank robbery did not qualify as a crime of violence. *United States v. Green*, 684 F. App'x 300 (4th Cir. 2017) (unpublished, *per curiam*). The Fourth Circuit rejected this argument, noting that it had previously held that armed bank robbery constitutes a "crime of violence" in *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016). *Id.* (citing *United States v. McNeal*, 818 F.3d 141 (4th Cir.), *cert denied*, 137 S. Ct. 164 (2016). Accordingly, the Fourth Circuit affirmed this Court's sentence. *Green*, 684 F. App'x 300 (4th Cir. 2017).

Now pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Mot. To Vacate, ECF No. 124.) In his Motion, Petitioner once again argues that his convictions, including armed bank robbery, do not constitute "crimes of violence" under § 924(c). He also argues that his counsel was ineffective for failing to pursue discovery related to the fingerprint evidence which implicated him in the robberies.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the

3

sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant [can] show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

Green petitions this Court to vacate his sentence on two grounds. First, he contends that the crimes to which he pled guilty—bank robbery conspiracy, bank robbery, and armed bank robbery—do not constitute crimes of violence under 18 U.S.C. § 924(c)(1)(A). Petitioner also contends that his counsel was ineffective for failing to investigate fingerprint evidence in possession of the government. Green's argument concerning his § 924(c) charge has previously been rejected by this Court and the United States Court of Appeals for the Fourth Circuit. Accordingly, the argument is both meritless and procedurally barred. As to his

4

ineffective assistance of counsel claim, Petitioner fails to demonstrate that his counsel was ineffective for failing to pursue certain evidence. His claims also contradict his sworn statements during his Rule 11 plea colloquy. Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 124) is DENIED.

## I. Petitioner's § 924(c) conviction was proper.

Petitioner argues that his sentence must be vacated as none of his convictions are considered "crimes of violence" under 18 U.S.C. § 924(c). Green asserts that bank robbery conspiracy, armed bank robbery, and bank robbery do not have as a required element the use, attempted use, or threatened use of violent force. (ECF 124 at 4.) For these arguments, Green relies on the Fourth Circuit's Opinions in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996). These arguments are both procedurally barred and meritless.

### A. Green's arguments are procedurally barred.

Green's arguments concerning his § 924(c) charge are not proper at this stage because the Fourth Circuit rejected them on direct appeal. "A collateral challenge may not do service for an appeal." *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Criminal defendants may not re-raise issues in a § 2255 motion which were already presented on appeal. *United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009).

Green previously challenged his § 924(c) conviction on the basis that armed bank robbery does not qualify as a crime of violence. *Green*, 684 F. App'x at 300. The Fourth Circuit summarily rejected this argument, explaining that it had recently held that armed bank

5

robbery is a crime of violence under § 924(c)(3)(A). *Id.* (citing *McNeal*, 818 F.3d 141 (4th Cir. 2016)). Accordingly, Green cannot re-litigate this issue on collateral review.

**B.     Green's arguments are foreclosed by Fourth Circuit precedent.**

Even if Green's arguments were properly presented in his § 2255 Motion, they would fail on the merits. Green pled guilty to bank robbery conspiracy, bank robbery, and armed bank robbery as well as brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Under § 924(c)(1)(A), an individual who uses or carries a firearm during a crime of violence faces a five-year mandatory minimum sentence which is enhanced to seven years if "the firearm is brandished." *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016) (citing 18 U.S.C. § 924(c). The statute defines a "crime of violence" as a federal offense that is a felony and

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A) & (B).

Subsection (A) is known as the "force clause" and Subsection (B) is known as the "residual clause." *McNeal*, 818 F.3d at 152. The United States Supreme Court recently held that the residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019); *see also Untied States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019) (en banc) (reaching the same conclusion). Accordingly, a "crime of violence" is defined solely by reference to the "force Clause," and any predicate offense must meet this definition.

To determine whether a crime constitutes a "crime of violence" under § 924(c), courts

6

ordinarily employ the categorical approach. *See McNeal*, 818 F.3d at 152. Using this approach, courts look only to the conviction and the statutory definition of the offense to determine if the predicate offense constitutes a crime of violence. *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). The court must then determine whether all conduct proscribed by the statute, including "the most innocent conduct" qualifies as a crime of violence. *United States v. Middleton*, 883 F.3d 485, 488 (4th Cir. 2018) (quoting *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008).

Green argues that armed bank robbery and bank robbery do not categorically constitute crimes of violence. Specifically, he argues that these offenses may be committed through "intimidation" as opposed to through the use of force. To support this argument, Green cites to *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and *United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996) without significant discussion of these authorities.

The Fourth Circuit has already rejected these arguments and held that both bank robbery and armed bank robbery are "crimes of violence" under § 924(c)(3)(A). *McNeal*, 818 F.3d at 157. As in this case, Defendants in *McNeal* argued that bank robbery is not a crime of violence because it may be committed through "intimidation" as opposed to through the use of force. The *McNeal* defendants, as here, relied on the Fourth Circuit's decisions in *Torres-Miguel* and *Woodrup* to support their arguments. The Court rejected a selective reading of these cases which would permit the term "intimidation," as it appears in the bank robbery statute, to embrace threats to cause bodily injury other than by violent physical force. *Id.* at 156. In other words, intimidation "entails a threat to use violent physical force" and therefore even armed bank robbery and bank robbery "by intimidation" is a "crime of violence" under the

force clause of § 924(c). *Id.*

This Court has applied this holding on numerous occasions. *See, e.g., Heard v. United States*, Crim. Act. No. 17-153, 2018 WL 4733356, at *1 (D. Md. Oct. 2, 2018); *Nisseau-Bey v. United States*, Crim. Act. No. ELH-10-552, 2018 WL 1898261, at *2 (D. Md. April 20, 2018). *McNeal*'s holding remains undisturbed by recent authorities interpreting the residual clause of § 924(c)(3)(B) because it concluded that armed bank robbery and bank robbery were crimes of violence under the force clause of § 924(c)(3)(A). *See, e.g., Harding v. United States*, ELH-02-0381, 2019 WL 4168867, at *3-4 (D. Md. Sept. 3, 2019) (holding that bank robbery may support a conviction under § 924(c) and that *United States v. Davis* did not disturb this conclusion). Accordingly, Green's arguments concerning his § 924(c) charge have no merit.[1]

## II. Petitioner's ineffective assistance of counsel claims fail.

Green argues that his sentence must be vacated because his counsel was ineffective. Green complains that (1) his counsel did not seek a *Daubert* hearing[2] to challenge the admission or validity of alleged fingerprints; (2) his counsel was ineffective for failing to request an independent fingerprint examiner; and (3) his counsel failed to request or turn over discovery. (ECF No. 124-1 at 1.) Petitioner appears to contend that, had his counsel more vigorously pursued these discovery matters, he would have uncovered a *Brady* violation.[3] (ECF No. 124-

---

[1] This Court need not address Petitioner's argument that bank robbery Conspiracy (Count I) does not constitute a "crime of violence" because the remaining crimes to which he pled guilty—armed bank robbery and bank robbery—constitute crimes of violence and support his § 924(c) conviction.

[2] In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999), the United States Supreme Court set forth standards for assessing the admissibility of expert witness testimony. In a *Daubert* hearing, the court considers argument and evidence concerning the admissibility of expert testimony.

[3] In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194 (1963), the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."

1 at 8-9.) He also appears to suggest that his counsel's ineffectiveness in the discovery process influenced his decision to plead guilty, claiming that "alleged fingerprints said to be in possession of the government were a pivotal factor in Mr. Green's decision to enter a plea." (ECF No. 124-1 at 8.)

Green's ineffective assistance of counsel claims fail for two reasons. First, Green's vague allegations concerning counsel's pre-trial discovery efforts do not suggest that his counsel was ineffective. Second, Green's sworn statements during his plea colloquy indicate that he was satisfied with his counsel's performance, entered a guilty plea voluntarily, and that he understood that his choice not to proceed to trial would preclude him from challenging the Government's evidence. He cannot assert claims on collateral review which contradict these sworn statements.

### A. Petitioner has failed to establish that his counsel was ineffective.

A claim of ineffective assistance of counsel may be properly asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). In order to properly state a claim for relief on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). In doing so, the petitioner must demonstrate that (1) the defense counsel's representation fell below an "objective standard of reasonableness; and (2) that defense counsel's errors deprived him of a fair trial. *Id.* at 687-88. Likewise, the *Strickland* test applies to challenges to guilty pleas and requires that the ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In applying the *Strickland* test, the United States Court of Appeals for the Fourth

Circuit has indicated that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

The decision to forgo certain avenues of discovery is not *per se* unreasonable under the *Strickland* test. *Ciampa v. United States*, No. 5:14-CR-197-FL, 2018 WL 7075141, at *10 (E.D.N.C. April 24, 2018) (holding that "counsel's failure to pursue discovery prior to entering a plea was a reasonable strategic decision that did not prejudice petitioner."); *Poindexter v. Johnson*, 2:09cv107, 2009 WL 4456291, at *8-9 (E.D. Va. Nov. 30, 2009) (rejecting ineffective assistance of counsel claim based on attorney's failure to draft a motion for discovery). To properly assert an ineffective assistance of counsel claim based on the failure to pursue pre-trial discovery matters, the Petitioner must at least provide some indication that the pre-trial discovery sought would have been fruitful. *See Short v. United States*, Crim. No. AW-06-0013, 2008 WL 3870734, at *3 (D. Md. Aug. 15, 2008) (rejecting ineffective assistance of counsel claim based on failure to pursue discovery because petitioner failed to "present any specificity or any factual basis to support his claims").

Petitioner's ineffective assistance of counsel claims fail because he cannot meet either prong of the *Strickland* test. His claims are premised on a series of vague, scattershot allegations concerning his lawyer's alleged failure to pursue discovery related to fingerprint evidence. Although he complains that his counsel failed to request a *Daubert* hearing and uncover *Brady* material, nothing in Plaintiff's § 2255 Motion suggests that there was an expert

to disqualify or evidence unlawfully withheld. Indeed, the record reflects that Petitioner's counsel engaged in adequate pre-trial investigation of the charges against him. For example, counsel filed a Motion to Suppress Custodial Statements, citing "discovery made available by the Government." (ECF No. 41 at 1.) Green merely speculates that, had his counsel engaged in certain discovery inquiries, he would be in a better position now. These allegations do not suffice.

**B. Petitioner's ineffective assistance of counsel claims fail because they contradict his sworn statements during his Rule 11 plea colloquy.**

Additionally, Green's arguments lack merit because they contradict his sworn statements during his Rule 11 plea colloquy, during which he indicated that he was satisfied with his counsel's performance. "A defendant's solemn declarations in open court affirming a plea agreement . . . carry a strong presumption of verity." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621 (1977)). Accordingly, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conduct Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221 (quoting *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975).

In this case, Petitioner's sworn statements in his Rule 11 plea colloquy contradict his claim that he was somehow improperly influenced to plead guilty as the result of fingerprint evidence in the Government's possession or that he was dissatisfied with his counsel's discovery efforts. During the Rule 11 plea colloquy, Petitioner acknowledged that he was aware of his right to go to trial. (Rearraignment Tr. 9:7-11, ECF No. 80.) This Court explained to Green that, by choosing to plead guilty, he would be sacrificing his "right to see and hear

11

all witnesses and to cross examine all witnesses" as well as his right to "compel the attendance of witnesses to testify in [his] defense." (*Id.* at 29:11-15.) Green further indicated that he had read and discussed the plea agreement with his counsel. (*Id.* at 10:18-21.) He also affirmed that he had discussed the case with his counsel in its entirety, including the evidence involved, as follows:

> THE COURT: And have you thoroughly discussed these charges with your attorney, Mr. Christopher, the Assistant Federal Public Defender?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you discussed the whole situation with him including the evidence in the case?
>
> THE DEFENDANT: Yes.
>
> (*Id.* at 8:19-25.)

Furthermore, when asked by this Court whether his counsel had failed to do anything he had requested of him, Green answered, "No." (*Id.* at 10:1-3.)

Green's statements are simply incompatible with his current claims that his counsel ineffectively pursued discovery matters. The totality of his responses during the plea colloquy indicate that he understood the implications of failing to proceed to trial, including the sacrifice of his ability to examine witnesses. He also indicated several times that he was satisfied with his counsel's performance. Green is bound by these assertions and cannot now contradict them by claiming that his counsel provided inadequate representation.[4]

---

[4] Green also raises, without further elaboration, a claim that his counsel was ineffective "in promising his client that he would not receive more than a ten year sentence." (ECF No. 124 at 8.) This argument is foreclosed by the record. Green indicated that he understood that Count IV carried a maximum sentence of 25 years imprisonment, that Count V carried a maximum term of life imprisonment, and that that the Government was free to argue for whatever sentence it felt was appropriate, including the statutory maximum. (ECF No. 80 at 16:12-20, 23:7-17.)

12

## C. Green is not entitled to an evidentiary hearing.

Green appears to request an evidentiary hearing concerning his ineffective assistance of counsel claims. (ECF No. 124-1 at 9.) Evidentiary hearings concerning § 2255 petitions are not appropriate if the "motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Flood v. United States*, 345 F. Supp. 3d 599, 613-14 (D. Md. 2018) (quoting *Moncrieffe v. United States*, No. 1:07CR177, 2012 WL 488259, at *4 (E.D. Va. Feb. 13, 2012)).

In this case, the record conclusively shows that Green is not entitled to relief. His vague arguments do not give rise to any inference that his counsel was ineffective. Moreover, his claims contradict his sworn testimony and are therefore patently frivolous. Accordingly, an evidentiary hearing is not appropriate.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 124) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a

13

petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: October 3, 2019

_____
Richard D. Bennett
United States District Judge